Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Brieanne Scully (BS 3711)
bscully@ipcounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 2520
New York, NY 10165
Telephone:     (212) 292-5390
Facsimile:      (212) 292-5391
*Attorneys for Plaintiff*
*WOW Virtual Reality, Inc.*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 09/18/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WOW VIRTUAL REALITY, INC.<br><br>*Plaintiff*<br><br>v.<br><br>2013*PASSIONATE, 6HK7243, ANNPADSTORE, ANYBEADS, BABYMAD1999, BIZBEE2014, BLUENESS-CHARM, BTFACTORY, BTLIFE, CARMOTORS2013, CROWNALL, DEEBEE15, DEERWIN-2017, E.FONE, ECHOII_SHOP, ELECTROTOPS, ELETTRONICO666, ETOPS4U, FKNZHAN, GIRLGEM, GRACEWOLF2008, GREENFORCECELLS, GYW2869, HK-LIL3, HOMEALARM_SECURITY, HOT-LED, I.FONE, ILASTONE, JACK_FUR, JAFA-LED-WHOLESALE, JINFENG-CHEN, KANGBAOYOU005, KH_SHOP, KINGETOP, LEADMAKET, LE-DEMO, LEDLEADER, LOW_PRICE_CITY, LUCKY-LIGHT888, MORE-THINGS, OPPOHERE, PENGZE2017-0, POPLAR520, RCBATTERYCN, RECYCLEPOWERS, RONSHIN-AU, RUNBER2012, S925JEWELLERY1999, SIKAI2011, SMILESTORE004, SOUTHBEAUTY, STARSBUCKS, SUNSHINECOAST8007, TCLED, TEAFANS, TOMORROWHOME, TOMTOP_SALES, TOOTOOUP, TOP-NAIL, TOPPINGCRAFTS, TSBUYNOW, USLIGHT2013, WOODBEADS123, | 18-cv-8071 (VEC)<br><br>~~[PROPOSED]~~<br>**FINAL DEFAULT JUDGMENT AND PERMANENT INJUNCTION ORDER FOR DEFENDANT CARMOTORS2013** |

| XIBOYAOFA818, XIU789, XPSXPS2000-4, YOURDISCOUNT_2008, YOURTIME2016 and YVBOX, |
|---|
| *Defendants* |

# GLOSSARY

| Term | Definition | Docket Entry Number |
|---|---|---|
| **Plaintiff or WOW** | WOW Virtual Reality, Inc. | N/A |
| **Defendants** | 2013*passionate, 6hk7243, annpadstore, anybeads, babymad1999, bizbee2014, blueness-charm, btfactory, btlife, carmotors2013, crownall, deebee15, deerwin-2017, e.fone, echoii_shop, Electrotops, elettronico666, etops4u, fknzhan, girlgem, gracewolf2008, greenforcecells, gyw2869, hk-lil3, homealarm_security, hot-led, i.fone, ilastone, jack_fur, jafa-led-wholesale, jinfeng-chen, kangbaoyou005, kh_shop, kingetop, leadmaket, le-demo, ledleader, low_price_city, lucky-light888, more-things, oppohere, pengze2017-0, poplar520, rcbatterycn, recyclepowers, ronshin-au, runber2012, s925jewellery1999, sikai2011, smilestore004, southbeauty, starsbucks, sunshinecoast8007, tcled, teafans, tomorrowhome, tomtop_sales, tootooup, top-nail, toppingcrafts, tsbuynow, uslight2013, woodbeads123, xiboyaofa818, xiu789, xpsxps2000-4, yourdiscount_2008, yourtime2016 and yvbox | N/A |
| **Defaulting Defendants** | 2013*passionate, annpadstore, babymad1999, bizbee2014, blueness-charm, btfactory, btlife, carmotors2013, crownall, deebee15, deerwin-2017, e.fone, echoii_shop, Electrotops, elettronico666, etops4u, girlgem, gyw2869, homealarm_security, hot-led, i.fone, jafa-led-wholesale, kangbaoyou005, kingetop, leadmaket, le-demo, ledleader, lucky-light888, pengze2017-0, rcbatterycn, ronshin-au, s925jewellery1999, sikai2011, smilestore004, starsbucks, sunshinecoast8007, tcled, top-nail, uslight2013, xiboyaofa818, xiu789, yourdiscount_2008 and yourtime2016 | N/A |
| **eBay** | eBay.com, a San Jose, California-based online marketplace and e-commerce platform owned by eBay Inc., a Delaware corporation, that allows manufacturers and other third-party merchants, like Defendants, to advertise, distribute, offer for sale and/or sell in what it characterizes as either auction-style or fixed-price formats and ship their retail products, which, upon information and belief, originate from China, among other locations, directly to consumers worldwide and specifically to consumers residing in the U.S., including in New York | N/A |
| **Sealing Order** | Order to Seal File entered on September 5, 2018 | Dkt. 1 |
| **Complaint** | Plaintiff's Complaint filed on September 5, 2018 | Dkt. 8 |

i

| Application | Plaintiff's *ex parte* application for: 1) a temporary restraining order; 2) order restraining Merchant Storefronts (as defined *infra*) and Defendants' Assets (as defined *infra*) with the Financial Institutions (as defined *infra*); 3) order to show cause why a preliminary injunction should not issue; 4) an order authorizing alternative service by electronic means and 5) an order authorizing expedited discovery filed on September 5, 2018 | Dkts. 27-30 |
|---|---|---|
| **Arnaiz Dec.** | Declaration of Jessica Arnaiz in Support of Plaintiff's Application | Dkt. 28 |
| **Hansen Dec.** | Declaration of Christopher Hansen in Support of Plaintiff's Application | Dkt. 29 |
| **Wolgang Dec.** | Declaration of Brieanne Scully in Support of Plaintiff's Application | Dkt. 30 |
| **TRO** | 1) Temporary Restraining Order; 2) Order Restraining Merchant Storefronts and Defendants' Assets with the Financial Institutions; 3) Order to Show Cause Why a Preliminary Injunction Should Not Issue; 4) Order Authorizing Alternative Service by Electronic Means and 5) Order Authorizing Expedited Discovery entered on September 6, 2018 | Dkt. 33 |
| **PI Show Cause Hearing** | October 5, 2018 hearing to show cause why a preliminary injunction should not issue. | N/A |
| **PI Order** | October 10, 2018 Preliminary Injunction Order | Dkt. 20 |
| **User Account(s)** | Any and all websites and any and all accounts with online marketplace platforms such as eBay, as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them | N/A |
| **Merchant Storefronts** | Any and all User Accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in products, including Counterfeit Products, which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them | N/A |
| **WOW VR Products** | WOW introduced its own virtual reality headsets, which are sold under the VR BOX brand, in November 2015 through its predecessor in interest, Amaze Pictures, Inc. WOW VR Products feature a sliding front-face panel, which provides | N/A |

ii

| | for quick access to the camera when a consumer is using an augmented reality application, and feature a customizable focus adjustment system that has separate settings for each eye | |
|---|---|---|
| **WOW VR Mark** | U.S. Trademark Registration No. 5,021,219 for "VR BOX" for goods in Classes 9 and 28 | N/A |
| **Counterfeit Products** | Products bearing or used in connection with the WOW VR Mark, and/or products in packaging and/or containing labels and/or hang tags bearing the WOW VR Mark, and/or bearing or used in connection with marks that are confusingly similar to the WOW VR Mark and/or products that are identical or confusingly similar to the WOW VR Products | N/A |
| **Defendants' Assets** | Any and all money, securities or other property or assets of Defendants (whether said assets are located in the U.S. or abroad) | N/A |
| **Defendants' Financial Accounts** | Any and all financial accounts associated with or utilized by any Defendants or any Defendants' User Accounts or Merchant Storefront(s) (whether said account is located in the U.S. or abroad) | N/A |
| **Financial Institutions** | Any banks, financial institutions, credit card companies and payment processing agencies, such as eBay, PayPal Inc. ("PayPal"), Payoneer Inc. ("Payoneer"), PingPong Global Solutions, Inc. ("PingPong") and other companies or agencies that engage in the processing or transfer of money and/or real or personal property of Defendants | N/A |
| **Third Party Service Providers** | Online marketplace platforms, including, without limitation, those owned and operated, directly or indirectly, by eBay, as well as any and all as yet undiscovered online marketplace platforms and/or entities through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them manufacture, import, export, advertise, market, promote, distribute, offer for sale, sell and/or otherwise deal in Counterfeit Products which are hereinafter identified as a result of any order entered in this action, or otherwise | N/A |
| **Defendants' Frozen Assets** | Defendants' Assets from Defendants' Financial Accounts that were and/or are attached and frozen or restrained pursuant to the TRO and/or PI Order, or which are attached and frozen or restrained pursuant to any future order entered by the Court in this Action | N/A |
| **Plaintiff's Motion for Default Judgment** | Plaintiff's Application for an Order to Show Cause Why Default Judgment and a Permanent Injunction should not be entered Against Defaulting Defendant filed on February 21, 2020 | TBD |

iii

| **Scully Aff.** | Affidavit by Brieanne Scully in Support of Plaintiff's Motion for Default Judgment | TBD |
|---|---|---|
| **eBay Discovery** | The supplemental report identifying Defendants' Infringing Item Number, Seller ID, Quantity Sold, GMV and Auction Title, among other things, provided by counsel for to Plaintiff's counsel pursuant to the expedited discovery ordered in both the TRO and PI Order | N/A |

Case 1:18-cv-08074-VEC Document 82 Filed 02/11/20 Page 6 of 14

This matter comes before the Court by motion filed by Plaintiff for the entry of final judgment and permanent injunction by default as to Defendant carmotors2013 ("Defaulting Defendant") for Defaulting Defendant's trademark infringement, trademark counterfeiting, false designation of origin, passing off and unfair competition and related state and common law claims arising out of Defaulting Defendant's unauthorized use of Plaintiff's WOW VR Mark, without limitation, in their manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying or offering for sale and/or selling and/or sale of Counterfeit Products.[1]

The Court, having considered the Memorandum of Law and Affidavit of Brieanne Scully in support of Plaintiff's Motion for Default Judgment and a Permanent Injunction Against Defaulting Defendant, the Certificates of Service of the Summons and Complaint, the Certificate of the Clerk of the Court stating that no answer has been filed in the instant action, and upon all other pleadings and papers on file in this action, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

### I. Defaulting Defendant's Liability

1) Judgment is granted in favor of Plaintiff on all claims properly plead against Defaulting Defendant in the Complaint;

### II. Damages Awards

1) IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that because it would serve both the compensatory and punitive purposes of the Lanham Act's prohibitions on willful infringement, and because Plaintiff has sufficiently set forth the basis for the statutory damages award requested in its Memorandum of Law in Support of its Motion for Default Judgment, the Court finds such an award to be reasonable and Plaintiff is awarded $150,000.000 in

---

[1] Where a defined term is referenced herein and not defined herein, the defined term should be understood as it is defined in the Glossary.

1

statutory damages against Defaulting Defendant pursuant to 15 U.S.C. § 1117(c) of the Lanham Act, plus post-judgment interest ("Defaulting Defendant's Individual Damages Award").

### III. Permanent Injunction

1) IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that Defaulting Defendant, its respective officers, agents, servants, employees, successors and assigns and all persons acting in concert with or under the direction of Defaulting Defendant (regardless of whether located in the United States or abroad), who receive actual notice of this Order are permanently enjoined and restrained from:

    A. manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products or any other products bearing the WOW VR Mark and/or marks that are confusingly similar to, identical to and constitute a counterfeiting and/or infringement of the WOW VR Mark;

    B. directly or indirectly infringing in any manner Plaintiff's WOW VR Mark;

    C. using any reproduction, counterfeit, copy or colorable imitation of Plaintiff's WOW VR Mark to identify any goods or services not authorized by Plaintiff;

    D. using Plaintiff's WOW VR Mark, or any other marks that are confusingly similar to the WOW VR Mark on or in connection with the manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Counterfeit Products;

    E. using any false designation of origin or false description, or engaging in any action which is likely to cause confusion, cause mistake and/or to deceive members of the

  trade and/or the public as to the affiliation, connection or association of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defaulting Defendant with Plaintiff, and/or as to the origin, sponsorship or approval of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defaulting Defendant and Defaulting Defendant's commercial activities by Plaintiff;

F. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Counterfeit Products; (ii) any computer files, data, business records, documents or any other records or evidence relating to:

  i. Defaulting Defendant's User Accounts and/or Merchant Storefronts;

  ii. Defaulting Defendant's Assets; and

  iii. the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products by Defaulting Defendant and by its respective officers, employees, agents, servants and all persons in active concert or participation with any of them; and

G. effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, User Accounts, Merchant Storefronts or any other means of importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order.

2) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defaulting Defendant must deliver up for destruction to Plaintiff any and all Counterfeit Products and any and all packaging, labels, tags, advertising and promotional materials and any other materials in the

possession, custody or control of Defaulting Defendant that infringe Plaintiff's WOW VR Mark or bear any marks that are confusingly similar to the WOW VR Mark pursuant to 15 U.S.C. § 1118;

3) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Third Party Service Providers and Financial Institutions are permanently enjoined and restrained from:

   A. secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying any of the Defaulting Defendant's Frozen Assets from or to Defaulting Defendant's Financial Accounts until further ordered by this Court;

   B. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with any computer files, data, business records, documents or any other records or evidence relating to Defaulting Defendant's Frozen Assets and Defaulting Defendant's Financial Accounts;

   C. knowingly instructing, aiding or abetting any other person or business entity in engaging in any of the activities referred to in subparagraphs III(1)(A) through III(2) and III(3)(A) through III(3)(B) above through III(4)(A) below.

4) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Third Party Service Providers are permanently enjoined and restrained from:

   A. providing services to Defaulting Defendant and Defaulting Defendant's User Accounts and Merchant Storefronts, including, without limitation, continued operation of Defaulting Defendant's User Accounts and Merchant Storefronts; and

   B. knowingly instructing, aiding or abetting any other person or business entity in engaging in any of the activities referred to in subparagraphs III(1)(A) through III(2) and III(3)(A) through III(3)(B) above through III(4)(A) above.

IV. **Order Authorizing Continued Alternative Service by Electronic Means**

1) IT IS FURTHER ORDERED, as sufficient cause has been shown, that such alternative service by electronic means that was ordered in the TRO and PI Order, shall be deemed effective as to Defendants, Financial Institutions and Third Party Service Providers through the pendency of this action.

V. **Temporary Continuance of Asset Restraint**

1) IT IS FURTHER ORDERED, as sufficient cause has been shown, that the Defendants are forbidden to make or suffer any sale, assignment, transfer or interference with any property in which they have an interest, except as set forth in subdivisions (h) and (i) of Section 5222 of the CPLR, for a thirty (30) day period after the entry of this Order.

VI. **Post-Judgment Asset Restraint and Transfer Order Pursuant to Rules 64, Rule 65, 15 U.S.C. § 1116(a) and this Court's Inherent Equitable Powers**

1) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that in accordance with Rule 64 of the Federal Rules of Civil Procedure, 15 U.S.C. § 1116(a) and this Court's inherent equitable powers to issue remedies ancillary to its authority to provide final relief, and given the difficulties Plaintiff would have enforcing this Order, Defaulting Defendant's Frozen Assets from Defaulting Defendant's Frozen Accounts, are, to the extent that a given Defaulting Defendant's Frozen Assets equal Defaulting Defendant's Individual Damages Award, hereby released and transferred to Plaintiff as full satisfaction of Defaulting Defendant's Individual Damages Award for that Defaulting Defendant, and those Defaulting Defendant's Frozen Assets shall be transferred by the Financial Institutions to Plaintiff through Plaintiff's counsel within twenty (20) business days following the service of this Order, and upon receipt by Plaintiff's counsel of such Defaulting Defendant's Frozen Assets in full satisfaction of Defaulting Defendant's Individual Damages Award, the Financial Institution(s) holding that

5

Defaulting Defendant's Frozen Assets and Defaulting Defendant's Frozen Accounts may unfreeze that Defaulting Defendant's Frozen Assets and Defaulting Defendant's Frozen Accounts. To the extent that Defaulting Defendant's Frozen Assets are less than Defaulting Defendant's Individual Damages Award, that Defaulting Defendant's Frozen Assets are hereby released and transferred to Plaintiff as partial satisfaction of Defaulting Defendant's Individual Damages Award for that Defaulting Defendant and those Defaulting Defendant's Frozen Assets shall be transferred by the Financial Institutions to Plaintiff through Plaintiff's counsel within twenty (20) business days following the service of this Order, and

2) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that in accordance with Rule 64, Rule 65, 15 U.S.C. § 1116(a) and this Court's inherent equitable powers to issue remedies ancillary to its authority to provide final relief, and given the difficulties Plaintiff would have enforcing this Order, the Court also hereby grants Plaintiff's request for a post-judgment restraining order continuing the attachment of each Defaulting Defendant's Frozen Assets until Plaintiff has recovered the full payment of Defaulting Defendant's Individual Damages Award owed to it by that Defaulting Defendant under this Order, or until further order of this Court; and

3) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that in accordance with Rule 64, Rule 65, 15 U.S.C. § 1116(a) and this Court's inherent equitable powers to issue remedies ancillary to its authority to provide final relief, and given the difficulties Plaintiff would have enforcing this Order, until Plaintiff has recovered the full payment of Defaulting Defendant's Individual Damages Award owed to them by any Defaulting Defendant under this Order, in the event that Plaintiff discovers new and/or additional Defaulting Defendant's Assets (whether said assets are located in the U.S. or abroad) and/or Defaulting Defendant's Financial

6

Accounts (whether said account is located in the U.S. or abroad) ("Defaulting Defendant's Additional Assets" and "Defaulting Defendant's Additional Financial Accounts," respectively), Plaintiff shall have the ongoing authority to serve this Order on any Financial Institutions controlling or otherwise holding such Defaulting Defendant's Additional Assets and/or Defaulting Defendant's Additional Financial Accounts ("Financial Institutions Holding Defaulting Defendant's Additional Assets and/or Financial Accounts");

    A. Upon notice of this Order, Financial Institutions Holding Defaulting Defendant's Additional Assets and/or Financial Accounts shall immediately locate Defaulting Defendant's Additional Financial Accounts, attach and restrain such Defaulting Defendant's Additional Assets in Defaulting Defendant's Additional Financial Accounts from being secreted, concealed, transferred or disposed of or withdrawn; and

    B. After twenty (20) business days following the service of this Order on Financial Institutions Holding Defaulting Defendant's Additional Assets and/or Financial Accounts, Financial Institutions Holding Defaulting Defendant's Additional Assets and/or Financial Accounts shall transfer all of Defaulting Defendant's Additional Assets to Plaintiff as partial or full satisfaction of Defaulting Defendant's Individual Damages Award, unless Defaulting Defendant has filed with this Court and served upon Plaintiff's counsel a request that such Defaulting Defendant's Additional Assets be exempted from this Order.

### VII.    Miscellaneous Relief

4) Defaulting Defendant may, upon proper showing and two (2) business days written notice to the Court and Plaintiff's counsel, appear and move for dissolution or modification of the provisions of this Order concerning the restriction or restraint of Defaulting Defendant's

7

Frozen Assets, Defaulting Defendant's Additional Assets and/or Defaulting Defendant's Additional Financial Accounts;

5) Any failure by Defaulting Defendant to comply with the terms of this Order shall be deemed contempt of Court, subjecting Defaulting Defendant to contempt remedies to be determined by the Court, including fines and seizure of property;

6) The Court releases the Five Thousand U.S. Dollar ($5,000.00) security bond that Plaintiff submitted in connection with this action to counsel for Plaintiff, Epstein Drangel, LLP, 60 East 42nd Street, Suite 2520, New York, NY 10165; and

7) This Court shall retain jurisdiction over this matter and the parties in order to construe and enforce this Order.

**SO ORDERED.**

Date: September 18, 2020

HON. VALERIE E. CAPRONI
UNITED STATES DISTRICT JUDGE